Submitted on briefs August 15, affirmed September 8, 1972

STATE OF OREGON, *Respondent, v.*
ROBERT WAYNE HATCHER (No. 7654),
*Appellant.*

500 P2d 737

Glenn D. Ramirez, Klamath Falls, for appellant. With him on the brief were Ramirez & Hoots, Klamath Falls.

Marcus K. Ward, District Attorney, Lakeview, for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

PER CURIAM.

Defendant was charged with criminal trespass, a Class A misdemeanor, in violation of ORS 164.255.

He pled guilty and was sentenced to the maximum punishment provided by ORS 161.615 and 161.635,[1] i.e., one year in the county jail and $1,000 fine.

He appeals contending that the sentence is in excess of that provided by law.

ORS 137.010(5)[2] expressly authorizes the imposition of both imprisonment and a fine.

The sentence imposed on defendant is within the limits prescribed by law. Defendant's contention is without merit.

Affirmed.

---

[1] ORS 161.615 provides:

"Sentences for misdemeanors shall be for a definite term. The court shall fix the term of imprisonment within the following maximum limitations:

"(1) For a Class A misdemeanor, 1 year.

"* * * * *."

ORS 161.635 provides:

"(1) A sentence to pay a fine for a misdemeanor shall be a sentence to pay an amount, fixed by the court, not exceeding:

"(a) $1,000 for a Class A misdemeanor.

"* * * * *."

[2] ORS 137.010(5) provides:

"When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

"(a) A term of imprisonment; or

"(b) A fine; or

"(c) Both imprisonment and a fine; or

"(d) Discharge of the defendant."